FILED

06/19/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 4, 2020

## STATE OF TENNESSEE v. SAMUEL O. MCALISTER

**Appeal from the Circuit Court for Madison County**
**No. 18-501, 18-956   Donald H. Allen, Judge**

_____

### No. W2019-00660-CCA-R3-CD

_____

The Defendant, Samuel McAlister, entered a partially open guilty plea in case number 18-501 for possession of marijuana, possession of a firearm by a convicted felon, and possession of drug paraphernalia; and in case number 18-956, for driving on a revoked license, failing to illuminate his license plate, and violation of the financial responsibility law.  The trial court sentenced the Defendant to a total effective sentence of five years in the Tennessee Department of Correction.  On appeal, he argues that the trial court abused its discretion by denying his request for alternative sentencing.  Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the Defendant-Appellant, Samuel O. McAlister.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Jody Pickens, District Attorney General; and Bradley F. Champine, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Defendant, Samuel McAlister, entered partially open guilty pleas in cases 18-501 and 18-956.  The uncontested facts supporting the guilty pleas were laid out by the State at the guilty plea hearing.

> [O]n January 30th of 2018, Investigators Shoate and Tanner with Metro Narcotics Unit did come into contact with [] the defendant in this matter, at

a convenience store and parking lot located at 1321 East Chester Street which is here in Jackson, Madison County, Tennessee. During the encounter, Investigator Shoate asked for identification. During the encounter, Investigator Shoate did notice an odor of marijuana coming from [the Defendant's] person. He was detained and a search of [the Defendant's] person revealed a small amount of marijuana which was sent to the TBI for testing and came back positive at 3.29 grams. Also during the search of his person, officers recovered a Taurus 380 caliber handgun loaded with six rounds. At the time of his arrest, [the Defendant] did have a prior felony conviction for possession of cocaine with intent to sell or deliver under Docket No. 05-493 from Madison County from back on November 21st of 2005. That would be the -- also during a search of his person, there was recovered a small marijuana grinder that had suspected marijuana residue on it. That would be the State's proof under Docket No. 18-501.

\*\*\*

[O]n or about August 19 2018, Officer Preslar, then with the Jackson Police Department, initiated a traffic stop on [the Defendant] in the area of Laconte Street here in Jackson -- Laconte and Jackson Street here in Jackson, Madison County, Tennessee for improper lights. During that traffic stop, [the Defendant] was found to be the driver. I believe his tag light was out. He was unable to provide proof of insurance at that time and upon a search of his driving history it was found that he did have prior convictions for driving on a suspended license. His license was suspended at that time and he had prior convictions from Madison County General Sessions Court on February 9th of 2017 and January 11th of 2017. Out of Jackson City Court on November 16th of 2011 and September 22nd of 2009.

At the March 18, 2019 sentencing hearing, the State introduced the Defendant's presentence report as its only exhibit. The report showed five prior felony convictions and twenty-eight misdemeanors—eleven of which were drug related. The report showed that the Defendant had not been employed since 2007, but the State conceded that this was an error in the report.

The Defendant's fiancée, Patricia Wilson testified in favor of alternative sentencing. She testified that the Defendant was like a father to her two adult children and a role model to the neighborhood children. According to Ms. Wilson, the Defendant worked close to 40 hours a week in the logging industry and as a car mechanic. She

- 2 -

stated that she would be willing to drive the Defendant while his license was suspended. On cross-examination, she testified that the Defendant only occasionally carried drugs and weapons. Ms. Wilson felt that "[e]veryone makes mistakes time to time." After being questioned by the trial court, she testified that the Defendant lived with her but frequently stayed with his mother due to her failing health.

The Defendant's mother also testified on his behalf. Ms. McAlister testified that she has heart problems, diabetes, a twisted spine, and uses a walker. She was hospitalized less than a month ago, and the Defendant routinely helps care for her. She asked that the trial court place the Defendant on probation because he is a good person and because she and his children rely on his support.

Finally, the Defendant testified on his own behalf. He testified that he had been shot in 2017 and was carrying the handgun for self-defense. According to the Defendant, he was a bystander who was shot in the cross-fire between strangers. The shooters sent messages and phone calls warning him not to tell the police who the shooters were, but the Defendant testified that he did not know their identity. He testified that he has not had issues maintaining employment and has worked as a logger and a mechanic. On cross-examination, he testified that on the day of his arrest he saw a strange black truck pull in front of his house and stop. He was afraid that the shooters had come back for him, and he armed himself with a pistol in self-defense. Later that day, he left the house to go to the store, but he forgot that he had left the pistol in his pocket.

The trial court reviewed the presentence report and determined that the Defendant was not a good candidate for probation. The trial court gave great weight to the Defendant's five prior felony and eleven drug-related misdemeanor convictions. The trial court also gave great weight to the Defendant's persistent history of failing to comply with his community corrections and probation sentences. Therefore, the trial court found that the Defendant had an extensive criminal history and that less restrictive measures had been frequently applied without success. The trial court sentenced the Defendant to a total effective sentence of five years in the Tennessee Department of Correction. The Defendant filed a timely notice of appeal on April 16, 2019.

## ANALYSIS

The Defendant contends that the trial court abused its discretion in denying him alternative sentencing, claiming that he is a good candidate for an alternative sentence. According to the Defendant, he is, and has been, gainfully employed, takes care of his elderly mother and his children, and only committed the weapons violation out of fear for his life. In response, the State argues that the Defendant has failed to relate his arguments

to the factors the trial court is required to consider when sentencing him. We agree with the State.

"[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). Because the record shows that the trial court carefully considered the evidence, the enhancement and mitigating factors, and the purposes and principles of sentencing prior to imposing a sentence of five years, the Defendant has failed "to either establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded sentences which reflect a proper application of the purposes and principles of our statutory scheme." Id. at 280.

Any sentence that does not involve complete confinement is an alternative sentence. See generally, State v. Fields, 40 S.W.3d 435 (Tenn. 2001). Tennessee Code Annotated section 40-35-102(5) (2006) gives courts guidance regarding the types of defendant who should be required to serve their sentences in confinement:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration[.]

In addition, Tennessee Code Annotated section 40-35-102(6)(A) (2006) states that a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" However, a trial court "shall consider, but is not bound by, the advisory sentencing guideline" in section 40-35-102(6)(A). Tenn. Code Ann. § 40-35-102(6)(D) (2006). A trial court should consider the following when determining whether there is "evidence to the contrary" indicating that an individual should not receive alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

- 4 -

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. § 40-35-103(1)(A)-(C) (2006); see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. See Tenn. Code Ann. § 40-35-303(a) (2006). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. Tenn. Code Ann. § 40-35-303(b) (2006). In addition, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) (2006), Sentencing Comm'n Comments. Rather, the defendant must demonstrate that probation would "'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. See State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). In addition, the principles of sentencing require the sentence to be "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4) (2006). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed[,]" and "[t]he length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence[.]" Id. § 40-35-103(5).

In this case, the trial court made the required findings on the record when denying the Defendant an alternative sentence. The trial court reviewed the presentence report and determined that the Defendant was not a good candidate for an alternative sentence. The Defendant had five felony convictions and eleven misdemeanor drug convictions.

The presentence report also showed that the Defendant has continued to commit new crimes while on probation, as recently as 2017. The trial court concluded that the Defendant had an extensive criminal history and that less restrictive measures had been applied frequently without effect in the past. Because the record shows that the trial court carefully considered the evidence, the enhancement and mitigating factors, and the purposes and principles of sentencing prior to imposing a sentence of confinement, we affirm the trial court's denial of an alternative sentence.

## **CONCLUSION**

Based on the analysis above, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE